485 P.2d 144

The STATE of Idaho, Plaintiff-
Respondent,

v.

Ronald J. LAWS, Defendant-
Appellant.

No. 10623.

Supreme Court of Idaho.

May 20, 1971.

Rudolf D. Barchas of Rayborn, Rayborn, Webb & Pike, Twin Falls, for defendant-appellant.

Robert M. Robson, Atty. Gen., and Martin R. Ward, Asst. Atty. Gen., Boise, for plaintiff-respondent.

McFADDEN, Justice.

Ronald J. Laws, the defendant-appellant, was found guilty by a jury of the crime of sale of drugs by unauthorized person (I.C. § 37–3302(b)), a felony, and was sentenced by the court to serve a term not to exceed five years in the state penitentiary. Following this judgment of conviction, the defendant moved for a new trial and for arrest of judgment. After an extended hearing on the motion, the court denied the defendant's motion, and the defendant then appealed from the judgment of conviction and from the order denying his motion.

The defendant makes two assignments of error: first, that the trial court erred in denying his motion for continuance, assert-

ing that the effect of such order was to deny him his right to effective counsel; secondly, that the trial court erred in denying his motion for a new trial and arrest of judgment.

It is defendant's contention that under the facts and circumstances surrounding his pre-trial motion for continuance, the trial court abused its discretion in not granting the motion to give defendant's counsel a reasonable time for the preparation of the defendant's case.

The record discloses that when the defendant was charged with the crime he asked for and was granted an attorney to represent him. A preliminary examination was held in early May, 1969, and the defendant was bound over to district court. An information was filed against the defendant in the district court, and his court-appointed counsel conferred with a representative of the prosecutor's office and also with a person from the sheriff's office. Defendant's court-appointed counsel testified that the substance of this conference was that the charges against the defendant would be dropped if the defendant cooperated in conviction of other narcotic peddlers. Defendant's counsel sought and was granted a continuance of the felony charge in the district court. His counsel further stated that under the assumption that this case would never come to trial, he did but little work in preparation for trial of the case.

In the latter part of August, 1969, this tentative "cooperation agreement" was cancelled and defendant's counsel stated that defendant did not wish him to continue with the case. Counsel then withdrew from the case with court approval. This request came because his appointed counsel during the summer of 1969 had married a young woman who was an attorney in the prosecutor's office with responsibility for this particular case. Also, the court-appointed counsel had engaged an investigator to work with him, but this investigator during the summer had become a full-time employee of the sheriff's office.

On September 23, 1969, the court appointed another attorney to represent the defendant and advised this counsel that the case was set for trial on October 2, 1969, only eight days later.

During the days prior to trial, the defendant was incarcerated in the county jail because of other charges and his inability to post a peace bond.

On the eve of the trial date, at 5:00 p. m., defendant's appointed counsel appeared in court seeking a two-week continuance of the case. The court minutes reflect that the prosecuting attorney and the defendant were present at the time defendant's counsel made the motion based on the following grounds:

"1. The chief witness for the defense cannot be located. His testimony will impeach the State's witness, Mr. Verl Bench.

2. Mr. Laws has been continuously incarcerated on a peace bond and would have been able to help in his defense had he been released for a short time.

3. The reason for the lateness of this motion is that counsel has made every attempt to prepare this matter in time for trial."

The prosecuting attorney objected to the continuance, and the trial court denied the motion for continuance.

On October 2, 1969, the day set for trial, after the jury was sworn to try the case, defendant's counsel renewed the motion for continuance, with the motion being supported by an affidavit of the attorney who had previously represented the defendant. According to counsel's statement, the only new information in this affidavit was that the defense counsel and affiant had unsuccessfully attempted to visit with the defendant the previous evening. The trial court denied the renewed motion for a continuance and the trial proceeded. The jury returned a verdict of guilty, and motion was made for a presentence investigation.

Before sentence was rendered, the defendant presented a motion for new trial and arrest of judgment. The grounds set

forth in this motion were that there was insufficient evidence for the jury to have returned a verdict of guilty, and that defense counsel did not have sufficient time in which to adequately prepare a defense, and further that because the defendant was improperly held (in jail) he was unable to aid the defense counsel in preparation of his defense.

The trial court denied the motion in arrest of judgment, judgment of conviction was entered, and the defendant was sentenced to serve a term not to exceed five years in the state penitentiary.

A two day hearing was held on the motion for a new trial, with numerous witnesses being sworn. Ultimately the trial court denied the motion for new trial.

On the state of the record, we affirm the trial court's order denying the defendant's motions for continuance, and the court's order denying the motion in arrest of judgment and also the court's order denying the motion for new trial.

■ The motion for continuance is addressed to the sound discretion of the trial court, and the action of the court will be upheld unless there has been a clear abuse of discretion. State v. Polson, 92 Idaho 615, 448 P.2d 229 (1968); State v. Fleming, 17 Idaho 471, 106 P. 305 (1910). I.C. § 19–1909 provides:

"When an indictment is called for trial, or at any time previous thereto, the court may, upon sufficient cause, direct the trial to be postponed to another day of the same or of the next term."

Also I.C.R. § 10–109 has been held applicable to criminal actions. State v. Fleming, supra; State v. Cannon, 26 Idaho 182, 140 P. 963 (1914). That provision (now a rule of this court) states:

"A motion to postpone a trial on the ground of the absence of evidence can only be made upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it. The court may also require the moving party to state, upon affidavit, the evidence which he expects to obtain; and if the adverse party thereupon admit that such evidence would be given, and that it be considered as actually given on the trial, or offered and overruled as improper, the trial must not be postponed."

It is to be recalled that at the time counsel was appointed for the defendant the case had already been set for trial. Yet even though appointed some days prior to the trial date, counsel waited until the eve of the trial before moving for a continuance. The reasons for his motion to the court at that time were that he could not locate a witness who was expected to impeach one of the state's witnesses, that the defendant had been incarcerated during the time and could not help in his defense, and that the motion was late because counsel had made every effort to prepare the matter in time for trial. The motion, as renewed after the jury was sworn, also brought out the fact that the defense counsel and another attorney were unsuccessful in visiting with the defendant the preceding evening.

The trial commenced following the denial of these motions. During the course of the trial defense witnesses testified in an effort to impeach a state's witness. These impeachment witnesses were purportedly the same ones defense counsel claimed to have been unable to contact at the time of the motions for continuance.

■ Generally it is held that unless an appellant shows that his substantial rights have been prejudiced by reason of a denial of his motion for continuance, appellate courts can only conclude that there was no abuse of discretion. State v. Wolfer, 241 Or. 15, 403 P.2d 715 (1965); Jones v. State, 94 Okl.Cr. 359, 236 P.2d 102 (1951); People v. McNabb, 3 Cal.2d 441, 45 P.2d 334 (1935); State v. Earley, 192 Kan. 144, 386 P.2d 221 (1963); see also State v. Dickson, 198 Kan. 219, 424 P.2d 274 (1967).

Although the defendant's counsel asserted that he was unable to confer with the defendant on the eve of the trial, the record reflects that his counsel had seen him on three occasions during the day prior to trial. There is no explanation as to how the defense was prejudiced by being denied the evening meeting.

After examining the record we find no abuse of discretion by the trial court in denying these motions for continuance. There is nothing in the record disclosing how counsel would have conducted the defense differently or that there would have been a different result had the motions been granted. See: State v. Young, 463 P.2d 374 (Ct.App.Ore.1970); State v. Derum, 76 Wash.2d 26, 454 P.2d 424 (1969).

As to the motion in arrest of judgment (which was joined with the motion for new trial), the trial court overruled this inasmuch as no demurrer to the information had first been interposed. I.C. § 19-2408 provides:

"A motion in arrest of judgment is an application on the part of the defendant that no judgment be rendered on a plea or verdict of guilty, or on a verdict against the defendant on a plea of a former conviction or acquittal. It may be founded on any of the defects in the indictment that are gounds of demurrer,

unless the objection to the indictment has been waived by a failure to demur, and must be made before or at the time the defendant is called for judgment."

The trial court was correct in its ruling on this motion. State v. Scott, 72 Idaho 202, 239 P.2d 258 (1951).

The trial court noted that the grounds urged by the defendant on his motion for new trial with one exception did not constitute proper grounds for a new trial under I.C. § 19-2406.[1] The grounds set out in the motion for new trial were (1) there was a lack of sufficient evidence to sustain the verdict of the jury, (2) the defense counsel did not have sufficient time to prepare the defense, and, (3) that defendant was held improperly and thus unable to aid the defense counsel in preparation of his defense.

We concur with the trial court's evaluation of defendant's motion for new trial as set out in its memorandum opinion wherein the court stated it had difficulty in relating defendant's complaints to the statutory grounds for new trial set out in I.C. § 19-2406. Therein the trial court listed the various complaints of the defendant which were orally presented during the course of the hearing on the motion for new trial. These complaints went beyond the grounds for new trial set out in his motion for new

1. I.C. § 19-2406. Grounds for new trial. —When a verdict has been rendered against the defendant the court may, upon his application, grant a new trial in the following cases only:
1. When the trial has been had in his absence, if the indictment is for a felony.
2. When the jury has received any evidence out of court other than that resulting from a view of the premises.
3. When the jury has separated without leave of the court after retiring to deliberate upon their verdict, or been guilty of any misconduct by which a fair and due consideration of the case has been prevented.
4. When the verdict has been decided by lot or by any means other than a fair expression of opinion on the part of all the jurors.

5. When the court has misdirected the jury in a matter of law, or has erred in the decision of any question of law arising during the course of the trial.
6. When the verdict is contrary to law or evidence.
7. When new evidence is discovered material to the defendant, and which he could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly-discovered evidence, the defendant must produce at the hearing in support thereof the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits the court may postpone the hearing of the motion for such length of time as, under all the circumstances of the case, may seem reasonable.

trial, adding: the denial of his motion for continuance of the trial; various complaints that defendant was denied the opportunity to consult with his attorney; actions of the peace officers and probate court in refusing to release the defendant from jail; failure to have another counsel represent him; and defendant's allegedly unlawful incarceration in the county jail prevented his counsel from finding witnesses which prevented the defendant from subpoenaing witnesses. Save for the ground of insufficient evidence, these grounds do not fall within I.C. § 19–2406.[2]

In the hearing following the trial defendant failed to argue the point concerning the sufficiency of the evidence; that ground was not assigned as error in the appeal and will not be considered.

The trial court did not err in denying defendant's motion for new trial. The judgment of conviction and the orders of the trial court denying the defendant's motions for continuance and new trial are affirmed.

McQUADE, C. J., and DONALDSON, SHEPARD and SPEAR, JJ., concur.

2. In State v. Weise, 75 Idaho 404 at 410, 273 P.2d 97 at 100 (1954), this court stated:
"The grounds for a new trial are purely statutory. The court cannot provide any other ground. State v. Davis, 6 Idaho 159, 53 P. 678."