939 P.2d 849

Joylene EVERHART, Plaintiff–Appellant,

v.

WASHINGTON COUNTY ROAD AND BRIDGE DEPARTMENT, an independent political subdivision of the State of Idaho; Washington County; and John Does I through V, Defendants–Respondents.

No. 23073.

Supreme Court of Idaho,
Boise, April 1997 Term.

June 24, 1997.

E. Lee Schlender, Hailey, for plaintiff–appellant.

James J. Davis, Attorney at Law, Boise, for defendants–respondents.

SILAK, Justice.

This is an appeal from a district court decision denying the appellant Joylene Everhart's (Everhart) motion to continue trial and dismissing with prejudice her case against Washington County Road and Bridge Department, Washington County, and John Does I through V (collectively referred to as the Respondents). Everhart appeared *pro se* for two years preceding the trial, but hired an attorney, E. Lee Schlender (Schlender) shortly before the scheduled trial date. Schlender filed a motion to continue trial, which was denied. When Schlender indicated that he would not be prepared for trial, and he would not call witnesses, the district court dismissed the case with prejudice.

## I.

### FACTS AND PROCEDURAL BACKGROUND

On June 28, 1992, Everhart was injured in a one-car accident in Washington County. On June 24, 1994, she filed suit against the Respondents, alleging that they negligently failed to maintain the road and to place warning signs. Although the complaint was actually drafted by an attorney, Everhart filed it *pro se* and continued to represent herself until shortly before trial.

In December 1995, the trial court set the pretrial conference for May 17, 1996, and the trial for Monday, June 3, 1996. At the pretrial conference, Everhart requested another continuance for unspecified personal reasons, which was denied. She also indicated at the pretrial that she would call five witnesses for trial, as well as one of her treating physicians

as an expert. The Respondents listed 20 potential witnesses.

On Friday, May 24, 1996, one week and one business day before the trial date of June 3, Everhart retained Schlender as her attorney, who entered his notice of appearance on Wednesday, May 29, three business days before the trial date. On Thursday, May 30, Schlender filed a motion to continue trial, requesting additional time to familiarize himself with the case and prepare for trial. At a hearing on that same day, Schlender requested a minimum of a three month continuance, and stated that he wanted to do more than merely look over the documents and other evidence that was already in existence. The record clearly shows that in essence, Schlender wanted to start all over again with trial preparation. In response, the Respondents presented eight reasons against granting the motion to continue.

Schlender also stated that they could not proceed to trial the next week, because he would not be prepared and would have to default. The district court denied the motion to continue, noting that it was being asked to allow the plaintiff to start over with the case, which had been filed two years earlier. The district court also stated that the fact that Everhart had been appearing *pro se* did not justify simply starting the case over at that late point.

After Schlender confirmed that he would be unprepared to proceed to trial, and would not call witnesses at the trial date, the district court dismissed the case with prejudice, finding that it would make no sense to call the jury and otherwise prepare for trial, and then dismiss the case at that time. Everhart appeals.

## II.

### ISSUES ON APPEAL

■ Contrary to I.A.R. 35(a)(4), Everhart did not designate issues on appeal, which is cause for denying an appeal. It is not the duty of this Court to review the record for errors. *Jensen v. Doherty*, 101 Idaho 910, 911, 623 P.2d 1287, 1288 (1981). However, that rule may be relaxed if the briefing addressed an issue through authority or argument. *State v. Prestwich*, 116 Idaho 959,

961, 783 P.2d 298, 300 (1989)(overruled in part on other grounds, *State v. Guzman*, 122 Idaho 981, 985–87, 842 P.2d 660, 664–65 (1992)). Pursuant to I.A.R. 35(b)(4), the Respondents listed two issues on appeal, providing authority and argument for each. While Everhart did not cite any authority regarding the denial of the motion to continue, she did make an argument on the issue; she also provided argument and authority on the motion to dismiss. Both parties discussed the factual background in sufficient detail that we can decide the issues, which are:

1. Whether the district court abused its discretion in denying the motion to continue trial.

2. Whether the district court abused its discretion when it dismissed the case with prejudice.

### III.

### STANDARD OF REVIEW

■ The decision whether to grant a motion to continue trial is within a trial court's sound discretion. *State v. Tapia*, 127 Idaho 249, 255, 899 P.2d 959, 965 (1995). Similarly, the trial court's decision whether to dismiss a case with prejudice will not be overturned on appeal absent an abuse of discretion. *Gerstner v. Washington Water Power Co.*, 122 Idaho 673, 677, 837 P.2d 799, 803 (1992). When this Court reviews an exercise of discretion by a trial court, it asks "(1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason." *Sun Valley Shopping Ctr. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

### IV.

### ANALYSIS

A. ***Pro Se* Litigants Are Held To The Same Standards And Rules As Attorneys And Litigants Represented By Attorneys.**

■ Much of Everhart's argument that the district court abused its discretion is based on the fact that she appeared *pro se* throughout the proceedings, retaining an attorney shortly before trial. We have repeatedly held that a *pro se* litigant will be " 'held to the same standards and rules as those represented by an attorney.' " *Golay v. Loomis*, 118 Idaho 387, 392, 797 P.2d 95, 100 (1990) (quoting *Golden Condor, Inc. v. Bell*, 112 Idaho 1086, 1089 n. 5, 739 P.2d 385, 388 n. 5 (1987); *State v. Sima*, 98 Idaho 643, 570 P.2d 1333 (1977)). Everhart may have made some mistakes in her trial preparation, and the case may have proven to be more of a challenge than a non-attorney could handle. Nevertheless, the clear authority of this Court is that she will be held to the same standards as an attorney and as a litigant represented by an attorney.

B. **The District Court Did Not Abuse Its Discretion In Denying Everhart's Motion To Continue Trial.**

■ Initially, Everhart mistakenly argues that the Respondents had the burden of showing that they would suffer actual prejudice if the motion to continue trial was granted. To the contrary, in order to show that the trial court abused its discretion, the *appellant* from denial of a motion to continue trial must show that his or her substantial rights were prejudiced by denial of the motion. *State v. Laws*, 94 Idaho 200, 202, 485 P.2d 144, 146 (1971). Therefore, Everhart bore the burden of showing prejudice.

■ Recently, we held that an appellant was not prejudiced by denial of her motion to continue trial even though her defense counsel had "inherited" the case from another public defender in the same office two days before the pretrial conference, noting that the case was already one year old at the time. *State v. Evans*, 129 Idaho 758, 762, 932 P.2d 881, 885 (1997). Several factors lead us to conclude that the district court correctly determined that Everhart did not meet her burden of showing that her substantial rights had been prejudiced by denial of her motion to continue. First, Everhart waited until one week and one business day

before the scheduled trial date to obtain counsel, even though the trial had been scheduled for five months. Schlender did not enter his notice of appearance nor file the motion to continue until two business days before trial. Further, at the pretrial conference held less than three weeks prior to trial, Everhart gave no indication that she intended to obtain counsel. Second, Everhart was responsible for her lack of trial preparation, particularly given this Court's long-standing rule that *pro se* litigants are held to the same standards as attorneys. Third, the trial was scheduled for nearly two years after the complaint was filed, and nearly four after the accident giving rise to the lawsuit. The trial had already been delayed once at Everhart's request, and the trial court's minutes indicate that at the pretrial, Everhart had requested a postponement, which was denied. Fourth, although Schlender requested a minimum three month continuance, the next available trial date would have been six months later. Fifth, Schlender sought the continuance not to familiarize himself with the material that had already been accumulated in the case, but instead to "start over" and rebuild the case.

The district court correctly perceived its decision whether to grant the motion to continue as discretionary, acted within the outer boundaries of that discretion, and reached its decision by an exercise of reason, carefully considering the factors listed above. Therefore, we hold that the district court did not abuse its discretion in denying the motion to continue.

## C. The District Court Did Not Abuse Its Discretion In Dismissing The Case With Prejudice.

■ Everhart argues that the district court was effectively punishing her for any delay, because she and her counsel would be unprepared for trial, and because she decided to obtain counsel in order to truly be ready for trial. This misconstrues the district court's ruling. After the motion to continue was denied, Schlender indicated on the record that he would not be prepared for trial nor to call witnesses the following Monday. The court then *sua sponte* dismissed

the case with prejudice, stating that it made more sense to dismiss the case then, rather than wait until everyone, including the jury, was present and then dismiss the case. Schlender did not object to this procedure. The record is clear that the district court dismissed the case based on Schlender's unequivocal representation that he would not be prepared to go to trial on the scheduled trial date. The dismissal was not a punishment for any delay, for any errors which Everhart may have committed, or for requesting the continuance.

Those facts distinguish this case from *Fitzgerald v. Walker*, 113 Idaho 730, 747 P.2d 752 (1987). In that case, the plaintiff's only expert notified the plaintiff's attorney during voir dire that he would be unable to testify. The plaintiff's attorney then moved for a continuance, asking in the alternative for a recess. If neither of those was granted, the plaintiff's attorney asked for leave to continue prosecuting the case. The district court denied all of the requests and dismissed the case with prejudice. *Id.* at 730–31, 747 P.2d at 752–53.

This Court upheld the denial of the motion to continue, noting that the situation was caused by lack of diligence by the plaintiff's attorney in securing expert witnesses. *Id.* at 734, 747 P.2d at 756. Thus, as in the case before us, the plaintiff or plaintiff's attorney caused the need for a continuance. However, we reversed the district court's decision dismissing Fitzgerald's case with prejudice, because his counsel indicated that he wanted to proceed to trial even if he was not given a recess or continuance. We held that the district court had essentially issued a premature directed verdict when it found that without the expert witness, the plaintiff would be unable to make out a prima facie case. *Id.*

The case before us is clearly distinguishable. Unlike the attorney in *Fitzgerald*, Schlender stated unequivocally that he would not be prepared to go to trial on the appointed date. Thus, the district court's dismissal of the case with prejudice was not a premature directed verdict, and we will not overturn the district court's decision on that basis.

Everhart argues that the district court abused its discretion in dismissing the case with prejudice, because the Respondents, as the nonmoving parties, did not demonstrate prejudice. However, prejudice is only *one* of the factors which a trial court must weigh when it considers whether to dismiss a case. The court must consider the length of delay due to the plaintiff's failure to prosecute or otherwise move the case; the justification for the delay, if there is indeed any justification; and the extent of the resulting prejudice to the defendant, if any. *See Gerstner v. Washington Water Power Co.*, 122 Idaho 673, 677, 837 P.2d 799, 803 (1992); *Day v. CIBA Geigy Corp.*, 115 Idaho 1015, 1018, 772 P.2d 222, 225 (1989).

The district court considered all three factors set forth in *Gerstner* and *Day*. As to the first factor, the length of delay, the next available trial date would have been six months after the one originally scheduled. Further, the case had been filed nearly two years before the scheduled trial date, and the accident giving rise to the lawsuit occurred nearly four years earlier. Second, the district court considered that the justification for the proposed delay was to allow Schlender to start over with the case and do trial preparation. Schlender was not simply requesting a few additional days or an additional week to familiarize himself with the case. In addition, the district court correctly ruled that the fact that Everhart had been representing herself *pro se* was not a reason to begin the case all over again. Third, the Respondents asserted several ways in which they would be prejudiced by the proposed delay, including having already subpoenaed witnesses.

■ Some of the elements of prejudice deal with delay, which Everhart argues is not a sufficient reason under Idaho law to dismiss the case. That is not a correct statement of the law. The rule in Idaho is that " 'it is an abuse of discretion to use the power of dismissal *to punish* a period of *delay* which no longer exists *if* the defendant has not established prejudice resulting from the delay.' " *Gerstner*, 122 Idaho at 677, 837 P.2d at 803 (quoting *Day*, 115 Idaho at 1018, 772 P.2d at 225) (emphasis in *Day*). The district court did not abuse its discretion: it dismissed the case not to punish Everhart and Schlender for causing delay, but upon Schlender's unequivocal representation that they would not be prepared for trial and would not call witnesses.

## V.

## CONCLUSION

We hold that the district court did not abuse its discretion when it denied Everhart's motion to continue trial, nor did it abuse its discretion when it dismissed the case with prejudice. We therefore affirm the decision of the district court. No attorney fees on appeal. Costs to respondent.

TROUT, C.J., and JOHNSON and McDEVITT, JJ., concur.

SCHROEDER, Justice, concurring in the result and specially concurring.

I concur in the result and reasoning of the Court but specially concur to state that *Fitzgerald v. Walker*, 113 Idaho 730, 747 P.2d 752 (1987), should be overruled rather than distinguished. Despite the artful manner in which the court in *Fitzgerald* phrased the facts, the record established that the plaintiff could not present a *prima facia* case. The plaintiff made a judicial admission to that effect. The fact that the plaintiff might have wanted to go to trial should have been of no consequence, since the plaintiff candidly admitted that he could not present a *prima facia* case. The effect of *Fitzgerald* was that trial courts were instructed to waste the time of the judge and the jury and inconvenience witnesses for an inevitable and admitted result—dismissal of the case. That futile pursuit should be written out of our law rather than retained on a distinction that is not consequential. The well reasoned opinion of the Court in this case should be the guide to attorneys and litigants without the vestigial burden of *Fitzgerald*.