**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48942**

| | |
|---|---|
| In the Matter of: Jane Doe I and John Doe I, Children Under Eighteen (18) Years of Age. | ) ) ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) |
| Petitioner-Respondent, | ) ) ) |
| v. | ) ) ) |
| JOHN DOE (2021-28), | ) ) ) |
| Respondent-Appellant. | ) ) |

Filed: October 7, 2021

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Calvin H. Campbell, Magistrate.

Judgment terminating parental rights, affirmed.

Marilyn B. Paul, Twin Falls County Public Defender; Heidi J. Despain, Deputy Public Defender, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; James T. Baird, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

John Doe (2021-28) appeals from the judgment terminating his parental rights. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doe is the father of the two minor children in this action, a daughter born in 2015 and a son born in 2018. The children were placed into foster care after both Doe and the children's mother were incarcerated for violating mutual no-contact orders. Upon leaving their parents' care, the daughter had a broken arm and a perforated eardrum and both children were dirty and

1

developmentally delayed. Temporary custody of the children was awarded to the Idaho Department of Health and Welfare. The magistrate court approved a case plan for Doe and the children's mother and conducted several review hearings while the children were in the Department's custody. Ultimately, the Department filed a petition to terminate the parental rights of both parents. The magistrate court terminated Doe's parental rights after finding clear and convincing evidence that Doe neglected and abused the children and that termination is in the children's best interests.[1] Doe appeals.

## II.
## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.
## ANALYSIS

Doe asserts the magistrate court erred in finding that Doe neglected and abused the children and that termination is in the children's best interests.[2] The Department responds that the

---

[1] The magistrate court also terminated the mother's parental rights. The decision to terminate the mother's parental rights is not at issue in this appeal.

[2] Doe also asserts that the Department "has not met [its] burden of proof that [Doe] . . . abandoned the children." The magistrate court, however, did not find that Doe abandoned the children. Consequently, we do not address abandonment.

magistrate court's termination decision is supported by clear and convincing evidence. We hold that substantial and competent evidence supports the magistrate court's termination decision.

## A.     Statutory Basis for Termination

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117. Neglect may be established under any of the several statutory definitions of neglect. *See* I.C. § 16-2002(3) (incorporating the definitions of the term "neglected" in I.C. § 16-1602(31)).

The magistrate court found, by clear and convincing evidence, that Doe neglected the children "by failing to provide proper parental care, control, and subsistence." Although the magistrate court did not expressly identify which statutory definition of neglect was satisfied, the magistrate court's language tracks the definition provided under I.C. § 16-1602(31)(a).[3] The magistrate court also found that Doe abused the children.

---

[3]     The Department notes that a parent's failure to complete a case plan constitutes neglect under I.C. § 16-2002(3)(b) and asserts that, in Doe's case, these "statutory requirements are clearly met." Based on the magistrate court's findings of fact, this type of neglect could have been an independent statutory basis for establishing neglect in Doe's case. However, the magistrate court did not find that the Department established neglect under I.C. § 16-2002(3)(b) based on Doe's failure to complete the case plan. Instead, the magistrate court noted that a "parent's failure on the case plan is just one of the many factors to be considered as the [magistrate] court analyzes neglect" and included Doe's failure to complete the case plan as a reason for finding that he failed "to provide proper parental care, control, and subsistence." Because the magistrate court did not find

Doe's statement of the issues in his appellate brief does not reference the magistrate court's finding of abuse. Instead, as to the statutory basis for termination, Doe only asserts that the magistrate court erred in finding that Doe neglected the children. The failure of an appellant to include an issue in the statement of issues required by I.A.R. 35(a)(4) will eliminate consideration of the issue from appeal. *Kugler v. Drown*, 119 Idaho 687, 691, 809 P.2d 1166, 1170 (Ct. App. 1991). This rule may be relaxed, however, where the issue is argued in the briefing and citation to authority is provided. *Everhart v. Wash. Cnty. Rd. & Bridge Dep't*, 130 Idaho 273, 274, 939 P.2d 849, 850 (1997). Doe titles one argument section of his brief as "Whether the magistrate court erred when it found that [Doe] abused . . . the children" (bolding removed), but provides no argument that the magistrate court erred in this finding. Consequently, we will not consider whether the magistrate court erred in finding that Doe abused the children. Further, it is well established that, where the judgment of the lower court is based upon alternative grounds, the fact that one of the grounds may have been in error is of no consequence and may be disregarded if the judgment can be sustained upon one of those other grounds. *Doe v. State, Dep't of Health & Welfare*, 123 Idaho 502, 504, 849 P.2d 963, 965 (Ct. App. 1993). Because the finding of abuse provides an independent statutory basis for termination, which Doe does not challenge, we need not consider whether the magistrate court erred in finding neglect.

Nevertheless, even if considered, Doe's arguments regarding neglect fail to show error. Idaho Code Section 16-1602(31)(a) provides that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. The magistrate court found that Doe neglected the children under I.C. § 16-1602(31)(a) because Doe: (1) failed to complete the case plan; (2) has a "history of alcohol abuse," which caused Doe "to neglect the [children] by failing

that I.C. § 16-2002(3)(b) provided an independent statutory basis for neglect, we consider the Department's arguments regarding Doe's failure to complete a case plan only to the extent the arguments relate to the magistrate court's finding of neglect under I.C. § 16-1602(31)(a). *See Idaho Dep't of Health & Welfare v. Doe (2011-02)*, 151 Idaho 356, 364, 256 P.3d 764, 772 (2011) (holding that a parent's failure to complete a case plan can support a finding of neglect by failure to provide proper parental care).

to adequately care for [the children's] basic needs for shelter, hygiene and medical care"; (3) did not "engage in alcohol treatment" and "has only recently engaged in treatment for alcohol and domestic violence" and, thus, "failed to complete treatment in a timely manner"; (4) "violated the terms of his probation by continued use of alcohol and continued violence and other crimes which resulted in his incarceration"; (5) lost his employment due to becoming incarcerated; (6) "lost the only housing the family had when he became incarcerated"; and (7) "failed to adequately provide a stable drug free home" for the children.

On appeal, Doe does not challenge any of the magistrate court's factual findings relating to neglect under I.C. § 16-1602(31)(a), and we will not presume error in these findings. *See Idaho Dep't of Health & Welfare v. Doe*, 164 Idaho 883, 892, 436 P.3d 1232, 1241 (2019). Instead, Doe notes that, prior to the children being placed in the Department's custody, he provided for the children's financial and medical needs. Doe also claims he "has continued to express his love and concern for his children." This Court's review, however, is limited to whether substantial and competent evidence supports the magistrate court's decision. *See, e.g.*, *Doe*, 148 Idaho at 245-46, 220 P.3d at 1064-65. This Court will not reweigh the evidence. The factual findings listed above provide substantial and competent evidence for the magistrate court's determination that Doe neglected the children under I.C. § 16-1602(31)(a). Thus, Doe has failed to show that the magistrate court erred in finding neglect under I.C. § 16-1602(31)(a).

## B. Best Interests

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests

of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court found that termination is in the children's best interests based on: (1) Doe's "shortfalls in parenting" that were "detailed" in the magistrate court's analysis of neglect; (2) the children being "in foster care for a significant portion of their young lives"; (3) the "significant neglect and abuse [that] occurred prior to [Doe's] incarceration"; (4) the children's trauma due to the mutual domestic violence between Doe and the children's mother; (5) Doe's alcohol abuse causing the children to have "deficiencies in medical treatment, hygiene and development"; (6) Doe's lack of housing and employment; (7) the opinions from the caseworker and the children's guardian ad litem that termination is in the children's best interests; and (8) the children's progress while in foster care.

Again, on appeal Doe does not challenge any of these factual findings and, thus, we will not presume error in these findings. *See Doe*, 164 Idaho at 892, 436 P.3d at 1241. Instead, Doe asserts that he "continues to work toward bettering himself and his situation" and has "completed treatment classes" during his incarceration.[4] Doe also notes he has "cultural and language barriers" due to being a native of Nepal. Finally, Doe raises a "concern that the children have forgotten much of the Nepali language as well as their inherited culture" and argues it is "in the children's best interests to understand their cultural roots and to retain their ability to speak Nepali." As noted, this Court's review is limited to whether substantial and competent evidence supports the magistrate court's decision. *See, e.g.*, *Doe*, 148 Idaho at 245-46, 220 P.3d at 1064-65. This Court will not reweigh the evidence. The magistrate court's factual findings provide substantial and competent evidence for its determination that termination is in the children's best interests. Consequently, Doe has failed to show error in the magistrate court's finding that termination of Doe's parental rights is in the children's best interests.

## IV.

## CONCLUSION

Doe failed to adequately challenge the magistrate court's finding that Doe abused the children and, in any event, failed to show that the magistrate court erred in finding that Doe

---

[4] Doe fails to identify what "treatment classes" he completed.

neglected the children and that termination is in the children's best interests.  Thus, Doe has failed to show error in the magistrate court's decision to terminate his parental rights.  Accordingly, the judgment terminating Doe's parental rights is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.