## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 53025

| | |
|---|---|
| In the Matter of Jane Doe I and Jane Doe II, Children Under Eighteen (18) Years of Age. | ) ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH & WELFARE, | ) ) | Filed: November 12, 2025 |
| Petitioner-Respondent, | ) ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) |
| JANE DOE (2025-22), | ) ) |
| Respondent-Appellant. | ) ) ) |

Appeal from the Magistrate Division of the District Court of the Second Judicial District, State of Idaho, Clearwater County. Hon. Paige M. Nolta, Magistrate.

Adjudicatory decree and order on reasonable efforts in child protection action, affirmed.

Valentine & Olofson, PLLC; Mandy Valentine, Lewiston, for appellant.

Hon. Raúl R. Labrador, Attorney General; Briana Allen, Deputy Attorney General, Lewiston, for respondent.

_____

LORELLO, Judge

Jane Doe (2025-22) appeals from an adjudicatory decree and order on reasonable efforts in a child protection action. We affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

Doe is the mother of twin girls born in April 2015. Doe was arrested for trespassing at the county prosecutor's office after previously having been removed from that office and asked not to return based on prior incidents unrelated to that arrest. On the day of Doe's arrest, the prosecutor

1

petitioned to remove the children and obtained an order of removal based on the petition. The petition noted that no reasonable efforts to avoid removal were made prior to filing the petition. The Idaho Department of Health and Welfare was notified ten minutes before the order was issued.

Two days after the original petition was filed and the order of removal was signed, an amended petition was filed. This petition was identical to the original petition but included attached affidavits to provide factual support for the removal of the children from Doe's home. By the time the amended petition was filed, the Department was actively involved in the case.

The children were initially placed in a home with fictive kin and the children's half-brother. Prior to the shelter care hearing, the children were moved to a placement with their maternal grandparents. After the hearing, the magistrate court determined it was contrary to the welfare of the children to return to Doe's home and that it was in their best interests to remain in foster care. The magistrate court held an adjudicatory hearing and a subsequent reasonable efforts hearing to address deficiencies in the initial petition and Doe's concern that the magistrate court lacked proper jurisdiction over the children. At the reasonable efforts hearing, the Department stated:

> This was the Prosecutor's Office, and so now--I mean, I realized in the amended petition the Prosecutor's Office invoked us, but it was not with our consent. The Idaho Department of Health and Welfare wasn't notified formally until 10 minutes prior to the order coming out, meaning that this petition was filed in our name without our consent, and so the Department does not own that mistake. And as I articulated also in my briefing, we--I chose not to file an amended petition in this matter, and to be candid, part of that reason is because I don't want to give any appearance that we are agreeing with the decision to not include reasonable efforts or trying to cover it up that it wasn't done. We recognize the error, and we are owning it and trying to move forward even despite that deficiency. So I just ask the Court to keep this case open on the jurisdictional grounds, which is the only question before the Court on the matter of jurisdiction today in the adjudicatory hearing.

The magistrate court found that a lack of information in the petition outlining reasonable efforts taken to prevent removal, or an explanation why reasonable efforts were not taken, was not fatal to the petition. Doe filed a motion for a permissive appeal from the adjudicatory decree and the order on reasonable efforts. Doe's motion was granted, and she appeals.

2

## II.

## STANDARD OF REVIEW

A party to a Child Protective Act (CPA) proceeding may bring a direct permissive appeal to this Court from the orders and decrees specified under I.C. § 16-1625(1). *Idaho Dep't of Health & Welfare v. Doe (2023-25)*, 173 Idaho 32, 37, 538 P.3d 805, 810 (2023). This Court reviews the magistrate court's record to determine whether there is substantial, competent evidence to support the magistrate court's findings of fact and whether its conclusions of law follow from those findings. *Id*. Whether the magistrate court had subject matter jurisdiction is a question of law over which this Court exercises free review. *Idaho Dep't of Health & Welfare v. Doe (2021-24)*, 169 Idaho 328, 334, 495 P.3d 1016, 1022 (2021).

## III.

## ANALYSIS

Doe argues the failure to include information about the reasonable efforts, or the lack thereof, in the initial petition deprived the magistrate court of jurisdiction to enter the removal order and proceed with the case. Doe further contends the magistrate court erred in finding that the proceedings were properly initiated. Doe also argues this Court should hold that the reasonable efforts requirement is a duty imposed on all state actors involved in a child protection proceeding, not just the Department. The Department responds that the magistrate court had jurisdiction, the Department is the only state actor responsible for ensuring reasonable efforts are taken, and substantial and competent evidence supports the magistrate court's reasonable efforts decision.[1] We hold that, notwithstanding the prosecutor's failure to comply with the petition requirements

---

[1] The Department also notes that Doe's brief does not contain the issues presented on appeal as required by I.A.R. 35(a)(4). The failure of an appellant to include an issue in the statement of issues required by I.A.R. 35(a)(4) will eliminate consideration of the issue from appeal. *Kugler v. Drown*, 119 Idaho 687, 691, 809 P.2d 1166, 1170 (Ct. App. 1991). This rule may be relaxed, however, where the issue is argued in the briefing and citation to authority is provided. *Everhart v. Wash. Cnty. Rd. & Bridge Dep't*, 130 Idaho 273, 274, 939 P.2d 849, 850 (1997). Doe appears to identify the issues on appeal in the argument section headings, and we will address her claims on the merits despite her failure to include an issue statement in her brief.

when seeking an order of removal, such failure, while erroneous, did not deprive the magistrate court of jurisdiction in this case because any deficiency was cured by the amended petition.

The magistrate court has exclusive original jurisdiction in all proceedings concerning any child whose parents "fail to provide a stable home environment." I.C. § 16-1603(1)(b). A petition invoking the magistrate court's jurisdiction in a child protection case shall be filed in the manner described in I.C. § 16-1610. The petition must be signed by the prosecutor or deputy attorney general before being filed with the magistrate court. The petition must "set forth with specificity" certain criteria. *Id*. If the child has been removed from the home, the petition must identify what "[r]easonable efforts have been made prior to the placement of the child in care to prevent the removal" or, if such efforts were not made, the petition must state "that reasonable efforts to prevent placement were not required because aggravated circumstances were found." I.C. § 16-1610(2)(i)(iii). After the petition is presented to the court, the magistrate judge will issue a removal order if:

> [B]ased on the facts presented to the court, it appears that the court has jurisdiction upon the grounds set forth in section 16-1603, Idaho Code, and the court finds that the child should be removed from his present condition or surroundings because continuation in such condition or surroundings would be contrary to the welfare of the child and vesting legal custody with the department or other authorized agency would be in the child's best interests. . . . The order to remove the child shall specifically state that continuation in the present condition or surroundings is contrary to the welfare of the child and shall require a peace officer or other suitable person to take the child at once to a place of shelter designated by the authorized agency which shall provide shelter care for the child.

I.C. § 16-1611(4). Idaho Juvenile Rule 31 outlines the four procedures under which a child can be removed from the home prior to an adjudicatory hearing taking place, including that "a child may be removed from the home by a summons with an order of removal by the court, under I.C. § 16-1611(4) and I.J.R. 34."

Although Doe argues that the original petition's lack of description of reasonable efforts taken to prevent the removal of the children from her home deprived the magistrate court of jurisdiction over this case, she conceded at oral argument on appeal that the amended petition cured any jurisdictional deficiency. As Doe acknowledged, the amended petition includes supporting affidavits describing the factual bases for the removal, which were not attached to the

4

original petition.[2]  Accordingly, we need not decide in this case whether the magistrate court lacked jurisdiction based on the deficiencies in the original petition.

Notwithstanding our jurisdictional determination, we note that the manner in which the original petition was filed in this case raises serious concerns with respect to the prosecutor's conduct.  These concerns include the prosecutor's invocation of the Department's name without first consulting the Department.  Also of concern is the reason the jurisdictional challenge was raised in the first instance.  As noted, the original petition did not comply with the reasonable efforts requirement in I.C. § 16-1610(i)(iii) in writing, or in reality.  The original petition states, in relevant part that, "due to the circumstances at hand[], *reasonable efforts were not made prior to the removal of the child/ren from the home* to prevent the necessity of the removal therefrom and the child/ren's placement in the custody of the Department of Health and Welfare, State of Idaho." (Emphasis added.)  The only permissible "circumstance" that eliminates the reasonable efforts requirement prior to removal are aggravated circumstances.  *See* I.C. § 16-1610(2)(i)(iii).  The "circumstances at hand" did not meet this standard--a point acknowledged by the Department.  Moreover, even if aggravated circumstances existed, the petition would be required to explain as much.  *Id.*  It did not.

With respect to Doe's argument that any state actor involved in a CPA case must make reasonable efforts prior to removal, we agree that such a requirement is imposed on any state actor filing a petition for removal.  This much is clear from the plain language of I.C. § 16-1610.  If a prosecutor's office files a petition to invoke the jurisdiction of the court pursuant to the Child Protective Act, the prosecutor's office must follow the statutory requirements set forth in the statute.  This is so even if the Department ultimately assumes responsibility over the child protection case, including preparing a case plan and making reasonable efforts toward

---

[2]  The original petition claimed the children were within the purview of the Child Protective Act, Title 16, Idaho Code, due to homelessness, per I.C. § 16-1603(1)(a), and the failure of the parent or guardian to provide a stable home environment, per I.C. § 16-1603(1)(b).  No factual support was provided, except for a reference to "Exhibit A and reports of [officers], witness statement forms from the Clearwater County Prosecutor's Office, and Affidavit of Probable Cause signed by [an officer]."  These documents were not, however, attached to the original petition.

reunification. Removal of a child from the child's home is a significant action, which is why reasonable efforts prior to removal are required absent aggravating circumstances. No petition should be filed, and no order of removal should be granted absent compliance with this clear requirement.[3]

Doe does not challenge the findings of the magistrate court from the subsequent shelter care and adjudicatory orders. In her brief, Doe notes that she does not dispute there was substantial and competent evidence presented at the adjudicatory hearing, which supports placing the children in the Department's custody pending resolution of the child protection case. Accordingly, we need not consider the decision of the magistrate court at the adjudicatory hearing.

## IV.

## CONCLUSION

We need not address the merits of Doe's jurisdictional challenge with respect to the original petition because Doe concedes any jurisdictional deficiency was resolved with the filing of the amended petition. The adjudicatory decree and order on reasonable efforts is affirmed.

Judge HUSKEY and Judge TRIBE, **CONCUR**.

---

[3]     At oral argument, Doe's counsel voiced concerns regarding the status of representation provided to parents in Doe's position. Doe's counsel is a contract attorney assigned to child protection actions as authorized by the State Public Defender Act, I.C. § 19-6009(3)(e) (providing that an indigent person has a right to representation by an attorney in "actions arising under the child protective act, chapter 16, title 16, Idaho Code"). While we acknowledge Doe's concerns, those concerns are beyond the purview of the Court's appellate jurisdiction in this case.