913 P.2d 568

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert Wayne DeGRAT, Defendant–Appellant.**

**No. 21666.**

Supreme Court of Idaho,
Boise, January 1996 Term.

March 19, 1996.

Timothy L. Felton, Weiser, for appellant.

Alan G. Lance, Attorney General; Catherine O. Derden, Deputy Attorney General, for respondent. Catherine O. Derden argued.

JOHNSON, Justice.

This is a criminal case. The issues presented concern (1) the constitutionality of I.R.E. 606(b) in precluding juror testimony concerning discussion of the defendant's failure to testify at trial, and (2) the sufficiency of evidence to support the convictions. We conclude that the application of I.R.E. 606(b) in this case was constitutional and that there was sufficient evidence to support the convictions.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

Robert Wayne DeGrat was tried and convicted of sexual abuse of a minor child and lewd conduct with a minor child. DeGrat did not testify at the trial. The trial court instructed the jury that it should not draw any inference of guilt from the fact that DeGrat did not testify, nor should this fact be discussed by the jury or enter into its deliberations in any way.

After his conviction, DeGrat moved for a new trial based on statements by a juror (the juror) that during its deliberations the jury discussed DeGrat's failure to testify. The trial court denied this motion, relying on I.R.E. 606(b) to reject the juror's testimony.

DeGrat also moved for an acquittal on the ground that a reasonable finder of fact would necessarily have reasonable doubt about his guilt based on the evidence presented at trial. Four witnesses testified at the trial. DeGrat's daughter stated that DeGrat sexually molested her on several occasions. The prosecution did not present any other evidence of these occurrences. DeGrat's son, DeGrat's brother, and DeGrat's mother each testified that they did not believe the testimony of DeGrat's daughter. The defense also presented previous inconsistent statements made by DeGrat's daughter. The trial court denied DeGrat's motion for acquittal.

DeGrat appealed the denial of a new trial and acquittal.

## II.

### THE APPLICATION OF I.R.E. 606(b) IN THIS CASE IS CONSTITUTIONAL.

DeGrat asserts that the application of I.R.E. 606(b) to prevent the consideration of the juror's testimony is unconstitutional. We disagree.

At the hearing on the motion for new trial, DeGrat's counsel stated that he would like to proceed but he could not because I.R.E. 606(b) "blocked him." The trial court asked him to give an offer of proof of what the juror would say if I.R.E. 606(b) did not apply. The attorney stated that the juror told him that the jury had considered the fact that DeGrat had not testified at trial. The juror told the attorney that she believed DeGrat should have given more information about the alleged crimes. She stated that this idea was discussed among the jurors.

The trial court found that I.R.E. 606(b) prohibits the juror from testifying about or submitting an affidavit on the jury's deliberations. The trial court denied the motion for a new trial because it had no competent evidence before it that would constitute grounds for a new trial.

Broken down into its constituent parts, I.R.E. 606(b) provides that "[u]pon an inquiry into the validity of a verdict or indictment,"

—A juror may *not* testify as to

- Any matter or statement occurring during the course of the jury's deliberations *or*

- The effect of anything upon the juror's or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment *or*

- Concerning the juror's mental processes in connection therewith,

—*Nor* may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes,

—*But* a juror *may testify* whether

- Extraneous prejudicial information was improperly brought to the jury's attention *or*

- Any outside influence was improperly brought to bear upon any juror *and*

—*May be questioned* about or may execute an affidavit on the issue of whether or not the jury determined any issue by resort to chance.

▪ The juror's testimony in this case is clearly prohibited by I.R.E. 606(b). In *State v. Bedwell*, 77 Idaho 57, 63, 286 P.2d 641, 645 (1955), the Court ruled that a juror may not impeach a verdict even if the juror would testify that the jury discussed the defendant's failure to testify. *Bedwell* was decided before the Idaho Rules of Evidence were adopted, but because the new rule retained the common law rule expressed in *Bedwell* concerning impeaching verdicts and simply added an extra exception, *Bedwell* still applies.

▪ DeGrat contends that the jury's consideration of his testimony violates his right not to be compelled to be a witness against himself under the Idaho and U.S. Constitutions, both of which state that no person may "be compelled in any criminal case to be a witness against himself." Idaho Const. art. I, § 13; U.S. Const. amend. V. The appellant in *Bedwell* did not challenge the constitutionality of the rule against allowing juries to impeach their verdicts under the circumstances presented there. Because the Court was not presented with the issue in *Bedwell*, it did not consider whether there was a constitutional exception to the rule. DeGrat did not explain in his brief how the Idaho Constitution differs in its application to this case from the application of the U.S. Constitution. Also, in the trial court he raised only the issue concerning the protection of the Fifth Amendment, not the Idaho Constitution. In *State v. Wheaton*, 121 Idaho 404, 407, 825 P.2d 501, 504 (1992), the Court stated that it could not "find in the record any reference to an argument seeking a greater scope of protection under the Idaho Constitution." Because the appellant did not raise the state constitutional issue at the trial level, the Court in *Wheaton* refused to consider the issue. *Id.* Therefore, we address only the federal constitutional issue in this case.

The only difference between I.R.E. 606(b) and Fed.R.Evid. 606(b) is that the federal rule does not have an express provision for allowing a juror to testify about verdicts arrived at by chance. U.S. Supreme Court cases concerning Fed.R.Evid. 606(b) do not directly address how Fed.R.Evid. 606(b) applies when a juror is willing to testify that the jury considered a defendant's failure to testify. The most recent case concerning Fed.R.Evid. 606(b) indicates, however, that there may be a constitutional exception to Fed.R.Evid. 606(b). In *Tanner v. United States*, 483 U.S. 107, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987), the defendants were convicted of mail fraud. While the case was pending on appeal, a juror told one of the defendants' lawyers that "'the jury was on one big party.'" *Id.* at 115, 107 S.Ct. at 2745. He explained that seven of the jurors drank during the noon recess. Four of the jurors smoked marijuana quite regularly during the trial. Two jurors took cocaine a few times. Another juror sold a quarter pound of marijuana to another. Some of the jurors fell asleep during the trial and another juror said he was "flying." The trial court refused to have an evidentiary hearing on the alleged jury misconduct because the testimony was not admissible under Fed.R.Evid. 606(b). *Id.* The defendants appealed and argued that this refusal violated their Sixth Amendment right to a fair trial before an impartial and competent jury. *Id.* at 126, 107 S.Ct. at 2750.

The Supreme Court recognized that the defendants had a Sixth Amendment right to an "unimpaired jury," but found that the defendants' rights were protected by other aspects of the trial. *Id.* at 127, 107 S.Ct. at 2751. A juror's suitability can be determined in voir dire. A juror can also be observed by the court, the attorneys, the court personnel, and by other jurors. Misconduct can therefore be reported before a verdict is rendered. Finally, a defendant always has the option to present nonjuror testimony about juror misconduct. The Supreme Court concluded that because these other protections existed, the trial court correctly refused to admit the juror testimony. *Id.*

Although *Tanner* is not directly on point because it considers the Sixth Amendment and not the Fifth Amendment, it gives us a framework within which to analyze DeGrat's constitutional claim in this case. If DeGrat's Fifth Amendment privilege is protected by other aspects of the trial process, then the application of I.R.E. 606(b) to this case is constitutional.

Using the procedures that the U.S. Supreme Court found adequate to protect the defendants' rights in *Tanner* as a measure, we conclude that the jury instruction not to consider a defendant's failure to testify was sufficient to protect DeGrat's constitutional privilege not to testify, although there may be other procedures that would also be sufficient. Therefore, we conclude that the trial court's refusal to consider juror's testimony pursuant to I.R.E. 606(b) did not violate the Fifth Amendment.

## III.

### THERE IS SUBSTANTIAL EVIDENCE TO SUPPORT THE GUILTY VERDICT.

DeGrat asserts that the trial court should have granted his motion to acquit. We disagree.

■ When this Court reviews convictions in criminal cases, it gives

> full consideration to the right of the jury to determine the credibility of witnesses, the weight to be afforded evidence, as well as the right to draw all justifiable inferences from the evidence before them. But, at the same time, judicial review requires that we peruse that evidence to determine whether a reasonable mind would conclude that the defendant's guilt as to each material element of the offense was proven beyond a reasonable doubt.

*State v. Erwin*, 98 Idaho 736, 740, 572 P.2d 170, 174 (1977). We will uphold a jury verdict if "'there was substantial evidence from which a rational trier of facts could have found beyond a reasonable doubt that' the state proved the elements of the crime." *State v. Babb*, 125 Idaho 934, 943, 877 P.2d 905, 914 (1994) (quoting *State v. Filson*, 101 Idaho 381, 386, 613 P.2d 938, 943 (1980)).

■ DeGrat offers three reasons to support his motion for acquittal: (1) the prosecu-

**356**

tion did not present any evidence of the sexual abuse besides the testimony of De-Grat's daughter; (2) none of the other De-Grat family members believed his daughter; and (3) his daughter's testimony was impeached.

It is true that there was no evidence of these crimes besides the daughter's testimony, but we no longer require corroboration in sexual crime trials. *State v. Byers*, 102 Idaho 159, 164, 627 P.2d 788, 793 (1981). Although it is also true that the DeGrat's mother, brother, and son testified that they did not believe DeGrat's daughter, because each witness was related to the defendant the jury might have concluded that each had as much reason not to tell the truth as the daughter did. Finally, the defense did attempt to impeach the daughter. She made a prior inconsistent statement, but explained that she had previously forgotten the facts to which she testified at trial. She admitted that she would lie, but not that she was lying in this case. The rest of the defense's case for impeachment rests on the other family members who contradicted what the daughter described.

Apparently, the jury believed DeGrat's daughter despite the fact that the defense tried to impeach her, that none of her testifying family members believed her, and that no other evidence was presented. Moreover, apparently the jury believed the daughter's testimony that her father touched her to gratify himself sexually, even though the rest of her family members testified that he did so to assist her with personal hygiene. We conclude that the daughter's testimony constitutes substantial evidence that DeGrat committed the crimes for which he was convicted.

### IV.

### CONCLUSION

We affirm the trial court's denial of De-Grat's motions for new trial and for acquittal.

McDEVITT, C.J., and TROUT, SILAK and SCHROEDER, JJ., concur.