953 P.2d 619

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Daniel W. BUCKLEY, Defendant–Appellant.**

No. 22587.

Court of Appeals of Idaho.

Aug. 18, 1997.

John M. Adams, Kootenai County Public Defender, J. Bradford Chapman, Deputy Public Defender, Coeur d'Alene, for Defendant–Appellant. J. Bradford Chapman argued.

Alan G. Lance, Attorney General, John C. McKinney, Deputy Attorney General, Boise, for Plaintiff–Respondent. John C. McKinney argued.

## AMENDED OPINION

## THE COURT'S PRIOR OPINION DATED MAY 7, 1997, IS HEREBY WITHDRAWN.

WALTERS, Judge.

Daniel W. Buckley was found guilty by a jury of attempted second degree murder, I.C. §§ 18–4001, 18–4002, 18–4003, and 18–306. The district court imposed a unified sentence of fifteen years, with a five-year minimum period of confinement. Buckley appeals from the judgment of conviction and the sentence imposed. For the reasons set forth below, we vacate the judgment of conviction and remand this case for a new trial.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 6, 1994, Michael Byrnes borrowed $200 from Daniel Buckley's girlfriend, Katherine Reheiser, in order to meet bail after he was arrested. Byrnes repaid $100 of the money loaned to him the day following his release. On December 10, 1994, Reheiser and Buckley drove to the Byrnes's residence around 9:00 p.m. to collect the remaining $100 owed to Reheiser. Byrnes's wife, Patricia, allowed Reheiser and Buckley to come into their home and wait for Byrnes, who was at work. After Byrnes arrived around 11:00 p.m., he and Buckley argued over the debt. Byrnes told Buckley to leave the house and to come back in one hour and that he would have the money at that time. Buckley and Reheiser left the Byrnes's residence and drove away. Shortly thereafter, Patricia went outside onto the front porch, and noticed that Buckley and Reheiser had returned early. Patricia informed her husband of Buckley's and Reheiser's arrival. Byrnes came out of the house, and Patricia followed him. Buckley allegedly stood outside ranting and raving, and at one point, threatened to kill Byrnes.

While in their yard, Byrnes and his wife heard a gun shot. They looked across the street and saw Buckley standing next to Reheiser's vehicle holding a rifle. Within seconds of the first shot, Buckley placed his rifle on the roof of the vehicle and aimed it at Byrnes, who continued to walk towards him. When Byrnes was within 25 to 30 feet of the vehicle, Buckley fired a second shot, hitting Byrnes in the neck. Buckley then fled the scene in Reheiser's vehicle.

Later that evening, Buckley was arrested by Coeur d'Alene police officers. After being advised of his *Miranda* rights, Buckley admitted to shooting Byrnes. Buckley was charged by information with attempted first degree murder, with a sentence enhancement for the use of a firearm during the commission of the crime. Buckley entered a plea of not guilty. After a trial, the jury returned a guilty verdict for the lesser included offense of attempted murder in the second degree. I.C. §§ 18–4001, 18–4002, 18–4003 and 18–306. The jury also found, in a special ver-

dict, that Buckley used a deadly weapon during the commission of the offense. Prior to sentencing, Buckley filed a motion to dismiss the firearm enhancement, which the court granted. He also filed a motion for a psychological evaluation and a motion to dismiss on the basis that he did not voluntarily waive his right to a speedy trial. The district court denied both of these motions before imposing a unified fifteen-year sentence, with a fixed five-year term of confinement. Buckley timely appealed from the judgment of conviction and the sentence imposed.

## II. ISSUES ON APPEAL

Buckley asserts that: (1) insufficient evidence existed to support the jury's verdict; (2) the district court provided erroneous jury instructions on the crime of attempted second degree murder; (3) the psychological report used by the district court to assist in sentencing was statutorily deficient; and (4) the district court abused its discretion in imposing a unified fifteen-year sentence. Upon considering the arguments presented on appeal, we conclude that we need address only the first two issues raised by Buckley, relating to the sufficiency of the evidence and the challenge to the jury instructions.

## III. DISCUSSION

### A. Sufficiency of the Evidence

■ Buckley challenges the jury's verdict from the standpoint of the sufficiency of the evidence because, he argues, if the evidence was insufficient, then an acquittal should be entered and he should not be faced with a retrial on the charge. Accordingly, we will review this issue independent of our determination with regard to Buckley's additional contention that improper instructions were given to the jury.

Buckley argues that the record is devoid of any evidence that he harbored the specific intent to kill Byrnes and therefore was insufficient to sustain the jury's verdict. He also contends that because he was in an extreme state of intoxication at the time of the shooting, he was "highly unlikely to have had the capacity to have formed the specific intent to do anything."

■ The applicable standard of review of the sufficiency of the evidence is whether there was substantial evidence upon which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. DeGrat,* 128 Idaho 352, 355, 913 P.2d 568, 571 (1996); *State v. Filson,* 101 Idaho 381, 613 P.2d 938 (1980). In making this review, the appellate court will not substitute its view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, or the reasonable inferences to be drawn from the evidence. *DeGrat, supra; State v. Knutson,* 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App.1991). Moreover, we will examine the evidence in the light most favorable to the prosecution as the prevailing party on the issues submitted to the jury. *Id.*

Buckley's argument that the state did not prove that he intended to commit attempted murder in the second degree while shooting Byrnes must be considered under the analysis articulated by our Supreme Court in *State v. Warden,* 100 Idaho 21, 592 P.2d 836 (1979):

The argument that the state did not prove the defendant's specific intent to murder ignores two well settled principles. First, the jury may find specific intent to murder either from direct or circumstantial evidence. Secondly, they may also infer such intent from the acts and conduct of the accused, the nature of the weapon used by the defendant and the manner in which it was used, taken together with all other circumstances in the case. More specifically the jury may infer the intent to murder where the defendant has unlawfully used a deadly weapon, provided he used it in a way indicating an intention to kill. The question of whether or not the specific intent existed in the mind of the accused is a question of fact to be submitted to and determined by the jury from all the evidence in the case, both direct and circumstantial, and the inferences to be drawn from that evidence.

100 Idaho at 24, 592 P.2d at 840 (citations omitted).

We note initially that Buckley has failed to provide any authority for his position that he

was incapable of developing the specific intent to kill because of his intoxicated condition. We will not address issues on appeal that are without support, argument or authority. *State v. Zichko,* 129 Idaho 259, 923 P.2d 966 (1996).

Here, the jury heard the testimony of several witnesses, including the victim, the victim's wife, and Buckley's girlfriend, Reheiser, all of whom were present during the shooting. The events of the shooting, including Buckley's comment that he was going to kill Byrnes, were described in detail to the jury. It was undisputed that neither the victim nor his wife were armed with any weapons when Buckley shot Byrnes. We conclude from the record that the state presented substantial evidence upon which a reasonable, properly instructed jury could infer that Buckley harbored a specific intent to murder Byrnes.

## B. Jury Instructions

Next, Buckley claims that the district court provided erroneous instructions to the jury on the lesser included charge of attempted murder in the second degree, which violated his federal and state constitutional rights. He argues that Instruction No. 18, which sets forth the elements of this offense, misstated the law by failing to require the state to prove that Buckley: (1) had the specific intent to kill, and (2) specifically intended to commit the crime of second degree murder.

Instruction No. 18 recites that:

In order for the defendant to be guilty of Attempted Murder in the Second Degree, the state must prove each of the following:

1. On or about December 10, 1994;

2. in the state of Idaho;

3. the defendant DANIEL WALTER BUCKLEY engaged in conduct which would have caused the death of Michael Joseph Byrnes;

4. the defendant acted without justification or excuse, and;

5. with malice aforethought.

If you find that the state has failed to prove any of the above, then you must find the defendant not guilty of attempted murder in the second degree. If you find that all of the above have been proven beyond a reasonable doubt then you must find the defendant guilty of attempted murder in the second degree.

The state contends that the district court properly instructed the jury on the specific intent requirements of this offense. The state argues that the jury was instructed on the intent to kill requirement in Instruction Nos. 9 and 24. Instruction No. 24 reads in relevant part that the crime of murder in the second degree "requires the specific intent to kill a human being with malice aforethought." Moreover, the state asserts that Instruction No. 9 similarly informed the jury that malice is "a deliberate intention unlawfully to take away the life of a fellow creature," which may be either express or implied. The state further submits that the jury was instructed on the requirement that it also had to find that Buckley specifically intended to complete the crime of murder in the second degree in Instruction No. 6, as well as through Instruction Nos. 9 and 18. Instruction No. 6 provides that "every person who attempts to commit any crime, but fails, is guilty of an attempt to commit such crime." The state contends that the instructions, when viewed as a whole, clearly advised the jury that it was necessary to find that Buckley intended to commit the crime of second degree murder before it could convict him of attempting the offense.

Preliminarily, we note that counsel for Buckley did not object to the wording of Instruction No. 18 at trial. Normally, the failure to object below precludes consideration of an alleged error on appeal. However, our Supreme Court has stated that "the failure to object to an instruction at trial in a criminal case does not constitute a waiver of any objection to the instruction on appeal." *State v. Smith,* 117 Idaho 225, 229, 786 P.2d 1127, 1131 (1990); *State v. Carsner,* 126 Idaho 911, 914, 894 P.2d 144, 147 (Ct.App.1995). Thus, we may consider Buckley's challenge to the jury instruction language.

The question of whether the jury was properly instructed is a question of law over which this Court exercises free review.

*State v. Jones,* 125 Idaho 477, 489, 873 P.2d 122, 134 (1994); *State v. Carsner,* 126 Idaho 911, 914, 894 P.2d 144, 147 (Ct.App.1995).

■ We agree that Instruction No. 18 did not set forth all of the required elements for the offense of attempted murder in the second degree. It is well established that the specific intent to commit murder, *i.e.,* the intent to kill, is an element of the crime of attempted murder in the second degree. *State v. Pratt,* 125 Idaho 546, 558, 873 P.2d 800, 812 (1993); *Fenstermaker v. State,* 128 Idaho 285, 291, 912 P.2d 653, 659 (Ct.App. 1995). However, the only *mens rea* element mentioned in Instruction No. 18 is "malice aforethought." In Instruction No. 9, the jury was instructed as follows regarding malice aforethought:

> Malice may be express or implied. It is express when there is manifested a deliberate intention unlawfully to take away the life of a fellow creature. It is implied when no considerable provocation appears, or when the circumstances attending the killing show an abandoned and malignant heart.

Due to the inclusion of the last sentence of this definition of malice, Instruction No. 18, as elaborated upon in Instruction No. 9, did not inform the jury that intent to kill is a required element of attempted murder in the second degree. Therefore, in order for Instruction No. 18 to have been proper, this element should have been included among the elements listed in the instruction.

Nonetheless and as argued by the state, it is well established that the jury ordinarily must consider the instructions as a whole without singling out any one of them to the exclusion of another. *State v. Eastman,* 122 Idaho 87, 831 P.2d 555 (1992); *State v. Rutten,* 73 Idaho 25, 245 P.2d 778 (1952). Consistent with this concept, the district court below gave to the jury Instruction No. 1, which counselled in part:

> In considering the law applicable to this case, as embraced in these instructions, you are not to single out any one instruction as stating all of the law of the case. These instructions are to be taken and considered as a whole by the the jury. No one of them states all the law of the case, but all of them, when taken together, state the law applicable to this case and are to be, by you, applied to the facts as you may find them from the evidence to exist.

The principle reflected in this instruction is subject, of course, to the possibility of irreconcilable conflicts appearing among the instructions. In this regard our Supreme Court has noted:

> It is the duty of the jury to consider the charge given in its entirety, but if two instructions are given, one of which states a principle of law as being applicable to certain facts, and which if followed, would require a verdict in favor of the plaintiff, and the other states a principle of law as being applicable to the same facts, which, if followed, would require a verdict in favor of defendant, such instructions are so irreconcilable and confusing as to constitute prejudicial error.

*State v. Patterson,* 60 Idaho 67, 75, 88 P.2d 493, 496 (1939). Similarly, in *State v. Andrus,* 118 Idaho 711, 800 P.2d 107 (Ct.App. 1990), this Court said:

> When contradictory instructions are given to a jury on a material issue, the error is prejudicial. A contradictory statement of the law in one part of the instructions cannot be cured by reference to a correct statement of the law in another. We have considerable faith in juries, but we cannot expect them to discern the correct implications necessary to reconcile contradictory instructions given by the court, all of which are expected to be given equal weight.

118 Idaho at 716, 800 P.2d at 112.

We perceive an irreconcilable contradiction among the instructions given to the jury in this case. Our analysis hinges on the two concluding sentences of Instruction No. 18, which informed the jury that if:

> the state has failed to prove any of the [elements listed] above, then you must find the defendant not guilty of attempted murder in the second degree. If you find that *all of the above* have been proven beyond a reasonable doubt then you *must* find the defendant guilty of attempted murder in the second degree. [Emphasis supplied.]

184

These statements required the jury to consider only those elements listed in Instruction No. 18 for the offense. If the jury followed this instruction to the exclusion of any others that informed the jury about the elements of the offense not found in Instruction No. 18, then the jury's verdict of guilty of attempted second degree murder was improper because it was not based on all elements of the crime. Although the district court provided additional instructions on the specific intent elements missing from Instruction No. 18, No. 18 required the jury to focus solely on the elements listed in that instruction. Instruction No. 18, as worded, did not permit the jury to consider additional elements of the crime that may be found in other instructions. The jury could not properly have considered the specific intent elements of the crime found in other instructions because it was required to find the defendant guilty only upon the five enumerated items stated in Instruction No. 18. On the other hand, if the jury looked to other instructions to provide additional elements of the crime not set forth in Instruction No. 18, then the jury would have had to disregard the provisions in Instruction No. 18 that required the jury to find the defendant guilty based solely on the elements as they were set forth in No. 18.

We therefore conclude that the district court improperly instructed the jury on the offense of attempted murder in the second degree. Because of our conclusion, we do not reach the remaining issues raised by Buckley.

## IV. CONCLUSION

We hold that the district court erred in instructing the jury on the elements of attempted second degree murder. We vacate the judgment of conviction and remand this case for a new trial.

LANSING, C.J., and PERRY, J., concur.