36 P.3d 829

STATE of Idaho, Plaintiff–Respondent,

v.

Charles William SETZER,
Defendant–Appellant.

No. 26569.

Court of Appeals of Idaho.

Oct. 2, 2001.

Review Denied Dec. 18, 2001.

John M. Adams, Chief Kootenai County Public Defender; J. Bradford Chapman, Deputy Public Defender, Coeur d'Alene, for appellant. J. Bradford Chapman argued.

Hon. Alan G. Lance, Attorney General; T. Paul Krueger II, Deputy Attorney General, Boise, for respondent. T. Paul Krueger II argued.

LANSING, Judge.

Charles W. Setzer appeals from his judgment of conviction for sexual abuse of a minor. He contends that there was error in the district court's failure to give a jury instruction on a lesser included offense and

in the district court's refusal to consider three juror affidavits that formed the basis of a motion for a new trial.

## I.

### FACTS AND PROCEDURAL HISTORY

Setzer was attending a Thanksgiving celebration at a church. During prayers, Setzer asked K.P., a seven-year-old girl, to go outside with him. K.P. and a friend, another young girl, left the church and entered Setzer's vehicle. According to K.P.'s testimony, after the friend went back to the church, Setzer put his hand under K.P.'s panties and rubbed her genital area. K.P. told her mother what had happened, and Setzer was interviewed by police a few days later. He first denied having touched K.P. at all, but eventually stated that he may have touched her pubic area while she was exiting the car in order to keep her from falling on him.

Setzer was charged with lewd conduct with a minor, Idaho Code § 18–1508. Just before the trial began, defense counsel mentioned the possibility that he might request a jury instruction on misdemeanor battery as a lesser included offense, "depending on how the evidence comes out." However, he did not thereafter request that such an instruction be given. The jury acquitted Setzer of lewd conduct with a minor, but found him guilty of the lesser included offense of sexual abuse of a minor.

Setzer subsequently filed a motion for a new trial based upon alleged juror misconduct. He supported the motion with affidavits from three members of the jury. The district court declined to consider the affidavits, holding that they presented only inadmissible evidence of matters occurring during the course of the jury's deliberations, and the court consequently denied the motion for a new trial. Setzer was given a unified ten-year sentence with a one-year determinate term, but the sentence was suspended and Setzer was placed on probation.

Setzer appeals to this Court. He asserts that the district court erred by not instructing the jury on the elements of misdemeanor battery, by excluding the jurors' affidavits, and by denying his motion for a new trial.

## II.

### DISCUSSION

#### A. Jury Instructions

■ Setzer claims that the district court should have instructed the jury on misdemeanor battery as a lesser included offense of lewd and lascivious conduct with a minor. The State responds that this issue has been waived because Setzer never requested such an instruction at trial. The State is correct in asserting that an appellant may not challenge a trial court's failure to give a jury instruction on a lesser included offense if the instruction was not requested. I.C. § 19–2132(b)(1); *State v. Rivas,* 129 Idaho 20, 23, 921 P.2d 197, 200 (Ct.App.1996); *State v. Kluss,* 125 Idaho 14, 24, 867 P.2d 247, 257 (Ct.App.1993). Setzer asserts, however, that the short colloquy prior to trial was adequate to raise the issue below.

■ We do not agree that this issue was preserved for appeal. Before trial, the court discussed briefly its intended preliminary instructions. Counsel for Setzer then stated that he *might* submit a requested instruction on misdemeanor battery *if* the evidence warranted it. The district judge expressed its dislike of that theory in lewd conduct cases and stated that he *probably* would not give such an instruction.[1] However, Setzer never actually proffered a proposed instruction on misdemeanor battery nor asked that the court again consider one. Mentioning before trial that counsel is contemplating the possibility of requesting an instruction is not a substitute for actually requesting it. Setzer's claim of entitlement to an instruction on misdemeanor battery has therefore been waived.

---

1. The judge commented:

I probably would not give the battery. Technically probably it's there. To me it's almost asking the jury to, it's stupid. These cases, they either occur or don't occur. If they find they occurred, crime charged or sexual abuse. It's kind of offensive to me to even instruct a jury on battery under the circumstances.

## B. Juror Affidavits

We next consider Setzer's contention that the district court erred in refusing to consider three juror affidavits that Setzer submitted in support of his motion for a new trial, which was based on a claim of juror misconduct. The affidavits state that one of the jurors, a pastor, invited the others to join him in prayer at the outset of their deliberations. They also state that this same juror told the others that he was acquainted with Setzer and Setzer's family and did not believe that Setzer would get a severe sentence if convicted. According to the affidavits, other jurors reminded the pastor that they were not to consider possible punishment, and that ended all discussion of the potential sentence. The affidavits also describe the process that led to the jury's verdict. They indicate that the jurors initially voted ten to two in favor of finding Setzer guilty "of a crime." A subsequent vote revealed that only one juror believed that Setzer was guilty of the charged offense of lewd and lascivious conduct, nine jurors believed that Setzer was guilty of sexual abuse of a minor, and two favored a not guilty verdict. According to the affidavits, the presiding juror then proposed that the juror voting for guilt of lewd and lascivious conduct and those voting for acquittal should compromise by supporting a conviction for sexual abuse of a minor. This proposal was accepted, and deliberations ended without discussion of the evidence. The affiants indicate that they felt rushed by the foreman and felt that the jury did not adequately discuss the evidence or listen to one another's views.

The district court ruled that the affidavits were inadmissible under Idaho Rule of Evidence 606(b), which provides:

Upon an inquiry into the validity of a verdict or indictment, *a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon the juror's or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith,* nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes, but a juror may testify on the questions whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror and may be questioned about or may execute an affidavit on the issue of whether or not the jury determined any issue by resort to chance.

(Emphasis added.)

In our view, the district court correctly refused to consider the affidavits in question. The testimony of the jurors regarding the alleged compromise by which a verdict was reached is precisely the type of evidence that is rendered inadmissible by Rule 606(b). Setzer characterizes this compromise as juror misconduct. However, I.R.E. 606(b) allows intrusion into the jury's deliberative process for only three specific types of juror misconduct: "extraneous prejudicial information" improperly brought to the jury's attention, "outside influence" brought to bear upon a juror, or determination of any issue "by resort to chance." The juror compromise described in the affidavits falls within none of these categories.

Setzer also contends that through use of the alleged compromise, the jury rendered a decision without "deliberating" and therefore did not function as the type of jury that is guaranteed by the Sixth Amendment to the United States Constitution. Setzer reasons that the affidavit should be admissible to show that he was deprived of his Sixth Amendment right to a jury trial due to the jury's failure to deliberate. His argument is refuted, however, by this Court's decision in *Myers v. A.O. Smith Harvestore Products,* 114 Idaho 432, 757 P.2d 695 (Ct.App.1988). We there held that Rule 606(b) rendered inadmissible evidence that several jurors refused to deliberate, having already made up their minds before they entered the jury room. These jurors indicated their disdain for the deliberations by playing cards while the remaining jurors discussed the issues. If Rule 606(b) precludes evidence of a direct refusal to deliberate at all, as we held in

**480**

*Myers,* it must also preclude the evidence proffered by Setzer of a jury agreement that foreshortened deliberations.

 Setzer next suggests that the prayer with which the jury began its deliberations was an "outside religious influence." We cannot agree with this characterization. While the prayer may have been an unconventional component of jury deliberations, it was not an "influence" favoring either side in the trial, and none of the affidavits describe this prayer as an effort to influence juror votes in any way.

 Neither can the pastor's comment that he knew the Setzer family be regarded as an outside influence or extraneous, prejudicial information. Although perhaps "extraneous," the statement conveys innocuous, nonprejudicial information. Further, the jurors were already aware of this information because they had heard the pastor acknowledge his acquaintance with Setzer's family during the course of jury voir dire.

The pastor's further expression of the view that Setzer would receive a lenient sentence if convicted was inappropriate speculation, and it violated an instruction that the jury not consider what the penalty might be. The comment was not, however, either "information" or an "outside influence." It was merely an expression of one juror's opinion. Evidence of a jury's discussion of inappropriate factors is not admissible unless one of the three exceptions in I.R.E. 606(b) apply. Even evidence that a juror considered a defendant's failure to testify at trial, in violation of a jury instruction not to do so and in contravention of the defendant's constitutional right to remain silent, has been held inadmissible. *State v. DeGrat,* 128 Idaho 352, 354–55, 913 P.2d 568, 570–71 (1996). We therefore conclude evidence of one juror's brief expression of opinion that the defendant would receive light punishment is not admissible to challenge the validity of the verdict.

Setzer has not shown that the juror affidavits he submitted to the district court contained any evidence that was admissible under I.R.E. 606(b). Therefore, the district court correctly excluded the affidavits and correctly denied Setzer's motion for a new trial, which was predicated entirely upon inadmissible affidavits.

### III.

### CONCLUSION

Setzer's contention that the jury should have been instructed on misdemeanor battery was not preserved for appeal because he did not request such an instruction. His motion for a new trial was not supported by admissible evidence and therefore was correctly denied by the district court. Accordingly, Setzer's conviction for sexual abuse of a minor is affirmed.

Chief Judge SCHWARTZMAN and Judge PERRY concur.